

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,271-02

### EX PARTE JEJUAN SHAUNTEL COOKS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR22698 IN THE 20ᵀᴴ DISTRICT COURT
### FROM MILAM COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault of a public servant and sentenced to life years' imprisonment. The Third Court of Appeals affirmed his conviction. *Cooks v. State*, No. 03-11-00328-CR (Tex. App.—Austin Jul. 27, 2012)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by: (1) failing to object to Applicant's absence at the proceeding to challenge jurors for cause; (2) failing to challenge jurors for cause; (3) failing to request a lesser included offense instruction; and (4) failing to file a

motion to suppress evidence. He alleges that appellate counsel was ineffective for failing to raise the issue of trial court error for denying a motion to suppress on appeal.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both trial and counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel or appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed: February 13, 2019
Do not publish